# Commonwealth, By, et al. v. United States Express Company.

## Same v. Same.

### (Decided October 10, 1912.)

### Appeals from Jefferson Circuit Court. (Chancery, First Division).

1. Taxation—Assessment of Franchise of Express Company—Value, How Arrived At.—In assessing the value of the franchise of an express company it is not incorrect to adopt the mileage basis and fix the value of the franchise in this State in the proportion that the mileage operated in this State bears to the total mileage of the company. But the court is not limited to the mileage basis but may adopt any other statutory basis that will enable it to fix a fair valuation on the franchise.

2. Taxation—Information to Aid Court in Fixing Value of Franchise.—When it is sought to have the court assess the value of a franchise the corporation should be required to furnish to the court all of the facts that it is required by statute to furnish to the Auditor of State to enable the State board to arrive at the value of the franchise.

M. J. HOLT for appellant.

TRABUE, DOOLAN & COX and FRANK H. PLATT for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

These two actions were instituted in the name of the Commonwealth by a revenue agent for the purpose of assessing for taxation the franchise of the appellee express company for the years 1907, 1908 and 1909. In

one of the suits it was sought to assess the franchise for
1907 and 1908, and in the other for 1909. As the same
questions are presented in both cases, we will dispose of
the two appeals together.

In each case the petition of the revenue agent was dis-
missed by the lower court upon the ground that as the
assessed value of the tangible property of the company
in this State exceeded the value of its franchise subject
to taxation in this State there was no franchise to assess.
It is admitted on the record that the appellee company is
an unincorporated association or partnership, organized
under the laws of the State of New York and engaged
in the express business. It is further admitted that for
the years mentioned its franchise in the State, if it had
any subject to taxation, was not assessed or taxed by the
State Board of Valuation or assessed by any other
assessing or taxing authority.

The right to assess the franchise of a corporation en-
gaged in the business of the appellee, and the method of
assessment, is found in sections 4077 to 4091, Kentucky
Statutes, and a reference to some of these sections will be
necessary. In section 4078 it is provided that the corpora-
tion or association subject to a franchise tax shall furnish
to the Auditor of Public Accounts of the State a state-
ment giving the name and principal place of business of
the corporation, company or association; the kind of busi-
ness engaged in; the amount of capital stock, preferred
and common; the number of shares of each; the amount
of stock paid up; the par and real value thereof; the
highest price at which such stock was sold at a *bona fide*
sale within twelve months next before the thirtieth day of
June of the year in which the statement is required to be
made; the amount of surplus funds and undivided profits
and the value of all other assets; the total amount of in-
debtedness as principal, the amount of gross or net earn-
ings or income, including interest on investments, and
incomes from all other sources for twelve months next
preceding the thirtieth day of June of the year in which
the statement is required; the amount and kind of tangi-
ble property in this State, and where situated, assessed,
or liable to assessment in this State, and the fair cash
value thereof, estimated at the price it would bring at a
fair voluntary sale; and such other facts as the Auditor
may require. In section 4079 it is provided:

"That where the line or lines of any such corporation, company or association extend beyond the limits of the State or county, the statement shall, in addition to the other facts hereinbefore required, show the length of entire lines operated, owned, leased or controlled in this State, and in each county, incorporated city, town or taxing district, and the entire line operated, controlled, leased or owned elsewhere. If the corporation, company or association be organized under the laws of any other State or government or organized and incorporated in this State, but operating and conducting its business in other States as well as in this State, the statement shall show the following facts in addition to the facts hereinbefore required: The gross and net income or earnings received in this State and out of this State, on business done in this State, and the entire gross receipts of the corporation, company or association in this State and elsewhere during the twelve months next before the thirtieth day of June of the year in which the assessment is required to be made. In cases where any of the facts above required are impossible to be answered correctly, or will not afford any valuable information in determining the value of the franchise to be taxed, the said board may excuse the officer from answering such questions: Provided, That said board, from said statement, and from such other evidence as it may have, if such corporation, company or association be organized under the laws of this State, shall fix the value of the capital stock of the corporation, company or association, as provided in the next succeeding section, and from the amount thus fixed shall deduct the assessed value of all tangible property assessed in this State, or in the counties where situated. The remainder thus found shall be the value of its corporate franchise subject to taxation as aforesaid." And section 4081 provides in part that:

"If the corporation organized under the laws of this State, or of some other state government, be a railroad, telegraph, telephone, express, sleeping, dining, palace or chair car company or a corporation performing any other public service, the lines of which extend beyond the limits of the State, the said board will fix the value of the capital stock as hereinbefore provided, and that portion of the value of the capital stock which the length of the lines operated, owned, leased, or controlled in this State,

bears to the total length of the lines owned, leased or controlled in this State and elsewhere, shall be considered in fixing the value of the corporate franchise of such corporation liable for taxation in this State."

The information required to be given by these sections to the State Board of Valuation and Assessment for the purpose of enabling it to arrive at a fair valuation of the franchise should also be furnished by a corporation subject to a franchise tax when it is sought to recover the tax in a suit such as was instituted in these cases by the revenue agent. It is just as essential that the court having authority to assess the franchise should have this information as it is that the State Board of Valuation and Assessment should have it. So that when an action is instituted to recover a franchise tax the defendant should be required by the court to furnish in its answer or in some other pleading or response all of the information that the State Board of Valuation and Assessment could demand. In its answer and amended answer in these cases the appellee company, after traversing the averments of the petition, set out that the only express business it did in this State was transacted in Louisville and Covington and Newport, that the railroad that carried its business into Louisville only ran about three miles in this State, and that its business at Covington and Newport was confined to the carrying of express matter from Cincinnati to these places in wagons. It further set out its mileage in other States, and indeed furnished practically all of the information required by the statute to be furnished in reports made to the Auditor. It did not, however, fully or exactly comply with the statutory requirements as to information, and of this failure complaint is made. We do not think, however, that the omission of some of the information that should have been furnished prejudiced the rights of the Commonwealth in these cases. Under the statute and the facts pleaded it is the contention of counsel for the Commonwealth that the lower court erred in holding that as the tangible property of the appellee assessed for taxation in this State exceeded the value of its franchise in this State fixed upon a mileage basis, there was no franchise subject to taxation. On the other hand, it is insisted by counsel for appellee that the lower court correctly decided that the value of the franchise in this State for the purpose of assessment and

taxation should be ascertained upon a mileage basis alone, and that when calculated on this basis there was no franchise subject to taxation, as the assessed value of its tangible property in this State exceeded the value of its franchise.

We do not think that the mileage basis is exclusive or that in every case this method should be resorted to in ascertaining the value of the franchise of a common carrier. The statute does not confine either the State Board or the courts to the mileage basis, but leaves them at liberty to adopt any other basis within statutory limits that will aid in reaching a fair valuation. A state of case might be presented in which it would be unjust to the Commonwealth to fix the value of a franchise on the mileage basis alone but under the facts in this record we think the court did not err in arriving at the value of the franchise on this basis. The statute also provides that when the value of the capital stock of the corporation is fixed there shall be deducted from it the assessed value of all tangible property assessed in this State, and that the remainder shall be the value of the corporate franchise subject to taxation. This provision of the statute applies to foreign as well as domestic carriers, and when the State undertakes to find the value of the franchise of a carrier there must be deducted from the value of its capital stock as ascertained in the manner pointed out in the statute the assessed value of its tangible property in this State, the remainder being the value of the franchise. This being so it is manifest that when the value of the assessed tangible property in this State exceeds the value of the franchise subject to taxation in this State there is no franchise to assess. This being the conclusion reached by the lower court, the judgment is affirmed.